UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 16-61262-MC-GOODMAN
UNDERLYING CASE NO. 15-CV-07433-RWS (S.D.N.Y)

BRADLEY J. EDWARDS,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.
_____/

## ORDER TRANSFERRING MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Bradley J. Edwards ("Edwards") filed in the Southern District of Florida a motion to quash a subpoena issued to him by Ghislaine Maxwell ("Maxwell"). [ECF No. 1].[1] The subpoena was issued in the Southern District of New York in the underlying case, *Giuffre v. Maxwell*, No. 1:15-cv-07433-RWS. Maxwell opposed the motion to quash. [ECF No. 8] and Edwards replied to Maxwell's opposition. [ECF No. 13]. United States District Judge Jose E. Martinez referred Edwards' motion to me. [ECF No. 11]. Maxwell filed a status update in this Court regarding the contested Edwards Subpoena and the related rulings in the underlying action ("notice"). [ECF No. 24].

---

[1]    The subject subpoena of Edwards' motion to quash is referred to as the "Edwards Subpoena."[ECF No. 1-3].

1

Having read the parties' submissions and reviewed the docket in the underlying case in New York and a related motion filed in the District Court of Utah, the Court finds, *sua sponte*, that exceptional circumstances exist under Federal Rule of Civil Procedure 45(f) that warrant transfer of Edwards' motion to the court with jurisdiction over the underlying case.[2] Fed. R. Civ. P. 45(f).

Rule 45(f) allows the court where compliance with a subpoena is required to transfer a subpoena-related motion to the issuing court in two situations: 1) when the subject of the subpoena consents, or 2) "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Committee note to Rule 45(f) explains that in "some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

United States District Judge Robert W. Sweet of the Southern District of New York has already ruled on similar issues that Edwards' motion presents. Maxwell issued a subpoena to Paul Cassell ("Cassell") in the underlying case ("Cassell Subpoena"). The Cassell Subpoena is extremely similar to the Edwards Subpoena,

---

[2] The issue of whether to transfer a motion to quash a subpoena to the court having jurisdiction over the underlying case is a non-dispositive matter. *Elliott v. Mission Trust Servs., LLC*, No. SA-14-MC-942-XR, 2014 WL 6772474, at *2 (W.D. Tex. Dec. 1, 2014) (unpublished); *see also San Juan Cable LLC v. DISH Network LLC,* No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015) (unpublished).

which is also issued by Maxwell. Like Edwards, Cassell is a non-party attorney for plaintiff Virginia Giuffre in the underlying action.

Cassell moved to quash the Cassell Subpoena in the District Court for the District of Utah. Maxwell attached to the notice the Cassell Subpoena and the Southern District of New York's Order on Maxwell's motion to quash the Cassell Subpoena. [ECF Nos. 24-1; 24-2].[3]

The reason District Judge Sweet ruled on Cassell's motion to quash the Cassell Subpoena is because United States Magistrate Judge Evelyn J. Furse, *sua sponte*, found that exceptional circumstances existed under Rule 45(f) to transfer Cassell's motion back to New York. *In re Cassell,* 16-mc-00602-DB-EJF, 2016 WL 3645166, at *3 (D. Utah June 30, 2016). Thus, another United States Magistrate Judge has already found that there are exceptional circumstances present that warrant transfer of the **same** motion regarding a **similar** subpoena in the **same** case.

In support of her decision to transfer the case, Magistrate Judge Furse considered the fact that Virginia Giuffre filed the underlying case in September 2015. *Id.* at *1. She considered the fact that the parties have heavily litigated the underlying case as evidenced by the large amount of docket entries (253 entries at that time) and complexity of issues. *Id.* She also was concerned with the danger of impeding on District Judge Sweet's discovery cutoff deadline. *Id.* at *3.

---

[3]     District Judge Sweet's Order is filed under seal in this case. [ECF No. 25].

At this time, the underlying case now has 517 docket entries. As Maxwell has indicated in the notice, the case remains active and is scheduled for trial in March of 2017. District Judge Sweet, because of his familiarity with the underlying case, will be able to rule on Edwards' motion more quickly than this Court. It is also indisputable that transfer would avoid any interference with District Judge Sweet's pretrial and trial schedule.

Additionally, in Maxwell's notice filed in this Court, Maxwell argues that "requests for production in the Cassell Subpoena are identical to the Request for Production to Mr. Edwards" and that District Judge Sweet's rulings on the Cassell Subpoena are "*res judicata* on the Edwards Subpoena with respect to the identical requests in the Cassell Subpoena." [ECF No. 24, p. 2]. After reviewing both the Edwards Subpoena and the Cassell Subpoena, the Undersigned finds that:

1) Request 1 of the Cassell Subpoena is identical to Request 1 of the Edwards Subpoena;

2) Request 2 of the Cassell Subpoena is identical to Request 2 of the Edwards Subpoena;

3) Request 3 of the Cassell Subpoena is identical to Request 6 of the Edwards Subpoena;

4) Request 4 of the Cassell Subpoena is identical to Request 7 of the Edwards Subpoena;

5) Request 5 of the Cassell Subpoena is identical to Request 8 of the Edwards Subpoena;

6) Request 6 of the Cassell Subpoena is identical to Request 9 of the Edwards Subpoena;

7) Request 8 of the Cassell Subpoena is identical to Request 11 of the Edwards Subpoena;

8) Request 9 of the Cassell Subpoena is identical to Request 10 of the Edwards Subpoena;

9) Request 10 of the Cassell Subpoena is identical to Request 14 of the Edwards Subpoena;

10) Request 11 of the Cassell Subpoena is identical to Request 15 of the Edwards Subpoena;

11) Request 12 of the Cassell Subpoena is identical to Request 16 of the Edwards Subpoena;

12) Request 13 of the Cassell Subpoena is identical to Request 17 of the Edwards Subpoena; and

13) Request 14 of the Cassell Subpoena is identical to Request 18 of the Edwards Subpoena.

[ECF Nos. 1-3; 24-1].

Based on the similarities of the two subpoenas, I find that there are exceptional circumstances present under Rule 45(f). Specifically, District Judge Sweet has already ruled on the Cassell Subpoena and there is a great risk of inconsistent rulings if my ruling on Edwards' motion differs from District Judge Sweet's ruling on the aforementioned requests. If such a result is foreseen, then the burden on Edwards to

reconcile inconsistent orders in two different jurisdictions is surely outweighed by District Judge Sweet streamlining the discovery process with consistent decisions in one jurisdiction.

Accordingly, I find that transfer fosters the interests of fairness, consistency, judicial economy, and speed of resolution. Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties. For the reasons stated above, I find that any ruling I might issue has great potential for disrupting the issuing court's management of the underlying litigation, both procedurally and substantively. Therefore, I **find** that Edwards' motion presents exceptional circumstances that warrant its **transfer.** As such, the Undersigned directs the Clerk of Court to **transfer** Edwards' motion to the Southern District of New York, *Giuffre v. Maxwell*, No. 1:15-cv-07433-RWS.

**DONE** and **ORDERED** in Chambers, in Miami, Florida, on December 22, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record